**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1306**
_____

JEFFREY CROCKER,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Joseph Dawson, III, District Judge.  (5:20-cv-03123-JD)

_____

Submitted:  June 29, 2023                        Decided:  July 21, 2023

_____

Before NIEMEYER and KING, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Dana W. Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellant.  Brian C. O'Donnell, Regional Chief Counsel, Katie M. Gaughan, Supervisory Attorney, Jordana Cooper, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION OFFICE OF THE GENERAL COUNSEL, Philadelphia, Pennsylvania; Corey F. Ellis, United States Attorney, Beth Drake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Crocker appeals the district court's order accepting the recommendation of the magistrate judge and upholding the Administrative Law Judge's (ALJ) denial of Crocker's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and perceive no reversible error.[*] The ALJ applied the correct legal standards in evaluating Crocker's claim for benefits, and the ALJ's factual

---

[*] On appeal, Crocker contends that the ALJ erred in her assessment of both the state agency physicians' opinions and his treating physicians' opinions. He did not, however, raise the adequacy of the ALJ's explanation for her assessment of the state agency physicians' opinions in his briefs before the district court or in his objections to the magistrate judge's recommendation. He has thus forfeited appellate review of that issue.

3

findings are supported by substantial evidence.  Accordingly, we affirm the district court's

judgment upholding the denial of benefits.  *Crocker v. Comm'r of the Soc. Sec. Admin.*,

No. 5:20-cv-03123-JD (D.S.C. Jan. 21, 2022).  We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*AFFIRMED*

---

*See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 103-06 (4th Cir. 2020) (explaining that a party generally forfeits the right to appellate review of an issue by failing to object to the magistrate judge's recommendation on that basis); *Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) ("It is well established that this court does not consider issues raised for the first time on appeal, absent exceptional circumstances." (cleaned up)).